THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
The State, Petitioner/Respondent,
v.
John Brinson, Respondent/Petitioner.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Beaufort County
 Perry M. Buckner, Circuit Court Judge

Memorandum Opinion No. 2005-MO-045
Submitted September 13, 2005 - Filed September 26, 2005

REVERSED IN PART

 
 
 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Randolph Murdaugh, III, of Hampton, for Petitioner/Respondent.
Alysoun Meree Eversole, of Beaufort, for Respondent/Petitioner.
 
 
 

PER CURIAM:  Respondent/Petitioner (Brinson) was convicted of kidnapping, first degree burglary, and first degree criminal sexual conduct (CSC).  He was sentenced to imprisonment for life without parole on each charge.  On direct appeal, the Court of Appeals held that the trial court lacked subject matter jurisdiction over the CSC and burglary charges after their improper amendment and vacated those convictions.  State v. Brinson, Op. No. 2004-UP-346 (S.C. Ct. App. filed May 25, 2004).
Both Brinson and the State have filed petitions for writs of certiorari to review the decision of the Court of Appeals.  Brinsons petition is denied.  We grant the States petition, dispense with further briefing, and reverse the decision of the Court of Appeals in part.
At the start of trial, the State moved to amend the burglary and CSC indictments.  The amendment to the CSC indictment struck the allegation of intercourse, leaving only an allegation of oral sex, and added that the victim was the victim of a kidnapping or burglary.  The burglary indictment was amended to change the aggravating circumstance from being armed with a deadly weapon to entering in the nighttime.  Because it found that the amendments changed the nature of the offenses, the Court of Appeals held that the trial court did not have subject matter jurisdiction over the burglary and CSC charges.
Subsequent to the Court of Appeals opinion, this Court issued its decision in State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005).  In Gentry, we held that, because subject matter jurisdiction refers to the power of the court to hear and determine cases of the general class to which the proceedings belong, a defective indictment does not deprive the court of subject matter jurisdiction.  Instead, a challenge that the indictment is insufficient or defective must be made before the jury is sworn.  Id.
Brinson made no objection to the amendment of the indictments at trial.  Accordingly, any error in the amendments is not preserved for appellate review, and the Court of Appeals holding that the trial court lacked subject matter jurisdiction over the CSC and burglary indictments is
REVERSED.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.